IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDWARD JAMES HOPSON                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 4:08CV119TSL-LRA

MIKE VICK, FORMER CHIEF DEPUTY                        DEFENDANTS
DAN ANGERO

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Dan Angero to dismiss or, in the alternative, for summary judgment. Plaintiff Edward James Hopson, an inmate in the custody of the Mississippi Department of Corrections, who is proceeding pro se,[1] opposes the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion is well taken and should be granted.

By his complaint, plaintiff seeks to hold defendants Mike Vick, alleged to be a reserve deputy with the Hinds County Sheriff's Department, and Dan Angero, the Lauderdale County, Mississippi District Attorney, liable under § 1983 and state law for a host of injuries allegedly suffered when the duo allegedly conspired to and did kidnap him, on account of his race and mental disabilities, in 1989. As relief, the complaint seeks a declaration to the effect that these defendants trumped up and

---

[1] Plaintiff sought but was denied in forma pauperis status as he "has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted."

falsely accused him of, tried him for and ultimately convicted him of armed robbery, as well as compensatory and punitive damages.

By his motion, Anergo provides the following factual backdrop for plaintiff's complaint,

> Hopson was indicted on July 27, 1989, for armed robbery. The robbery occurred at the Super Stop in Meridian, Mississippi on July 14, 1989. Pursuant to his duties as assistant district attorney, Angero prosecuted the case upon a grand jury indictment. See Indictment Count I, Ex. A to the Hopson's complaint. Hopson was tried and convicted by a jury and sentenced to thirty-five years in prison on May 21, 1990. Hopson's conviction for armed robbery was subsequently affirmed on direct appeal by the Mississippi Supreme Court on December 3, 1992. Hopson's petition for rehearing was denied on March 18, 1993. Hopson v. State, 613 So. 2d 1178 (Miss. 1992). Hopson is currently serving a thirty-five (35) year sentence in the Mississippi Department of Corrections, which is the subject of this civil suit.

In support of their motion, Angero argues and correctly so, that plaintiff's complaint is due to be dismissed for a variety of reasons. Specifically, as the complaint alleges and plaintiff confirms in his response, the putative causes of action accrued in 1989, any federal claims are clearly barred by the three-year statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983, see Edwards v. Jasper County Youth Court, 94 Fed. Appx. 224, 224-225, 2004 WL 764084, *1 (5th Cir. 2004) ("[T]he forum state's personal-injury statute of limitations should be applied to all 42 U.S.C. § 1983 claims. The district court did not err in applying Mississippi's three-year statute of limitations"), while any state law claims are barred by

plaintiff's failure to comply with the Mississippi Torts Claim Act. See 11-46-1, et seq. (requiring ninety-days' notice upon personal service to defendants and requiring claims to be brought within one year of accrual). Additionally, as the complaint seeks to recover monetary damages on account of an allegedly illegal and wrongful conviction and as his conviction has not been overturned by the state court, plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Moreover, it is likewise clear that, as district attorney, Angero is entitled to absolute immunity from civil suit in his individual capacity. Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (absolute immunity extends to prosecutors who are performing prosecutorial acts). Finally, to the extent that plaintiff seeks to recover monetary damages against Angero in his official capacity, the action is barred by the Eleventh Amendment.

Regarding defendant Vick, the court observes, that because plaintiff was denied ifp status and thus, paid the filing fee,

this action was not screened under § 1915e upon filing.  While § 1915e is applicable only to those cases wherein a prisoner has been granted <u>in forma pauperis</u> status,[2]  § 1915A(a) of Title 28 also grants the court authority to screen cases brought by incarcerated persons.  Specifically, § 1915A(a) provides that the court shall "before docketing, if feasible or, in any event, as soon as practicable after docketing, [screen] a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Subparagraph (b) of § 1915A further mandates that the court "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is

---

[2] This section provides:

**(e)(1)** The court may request an attorney to represent any person unable to afford counsel.
**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

**(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief.

immune from such relief."  Accordingly, as it is clear that plaintiff's putative claims against Vick, like those against Angero, are both time-barred and <u>Heck</u>-barred, the complaint shall be dismissed against him as well.

Based on the foregoing, it is ordered that defendant's Angero's motion is granted and that the claims against Vick are dismissed for failure to state a claim.

A separate judgment will be entered in accordance with Rule 58 of the Rules of Civil Procedure.

SO ORDERED this the 7th day of May, 2009.


<u>/s/Tom S. Lee</u>
UNITED STATES DISTRICT JUDGE
